ELLIS, Judge.
The State of Louisiana and the Military Department, State of Louisiana, bring this suit against Laconco, Inc., Commercial Union Insurance Company and 16 subcontractors and materialmen pursuant to the provisions of R.S. 38:2243. The petition alleges that plaintiffs entered into a contract with Laconco for the construction of a National Guard Armory in Ascension Parish on Sep *502 tember 17, 1975. It is further alleged that Commercial Union was surety on both the payment and performance bonds furnished in connection with the contract.
It is further alleged that the contract was timely recorded on November 4, 1975; that the date of completion was to be 366 days after the notice to proceed; and that the contractor was to complete the building and deliver it to plaintiffs free of all liens, privileges and claims. The petition further alleges that two liens were filed against the job in February, 1977, and that plaintiffs ceased payment to Laconco at that time. The petition states that Laconco was placed in default on June 22, 1977, because the building was not satisfactorily completed; and a second letter of default was recorded on January 3, 1978. The petition details 16 liens which had been filed against the job, and alleges that the lien holders are threatening to bring suit against plaintiffs for the amounts claimed by them. Plaintiffs allege that, under the above circumstances, they have a right to invoke a concursus proceeding.
It is further alleged that Laconco and Commercial Union are indebted to plaintiffs for funds expended to complete a security alarm system and for $200.00 per day in liquidated damages for failure to complete the building within the time allotted.
Nine of the 16 subcontractors and materi-almen filed pleadings in response to the petition; four of the nine third partied La-conco and Commercial Union, and two of the nine reconvened against plaintiffs.
Laconco and Commercial Union filed a peremptory exception to the petition based on the following grounds:
“1.
“The plaintiffs have no right to invoke a concursus proceeding as none of the alleged defendants have competing or conflicting claims against the plaintiffs, the State of Louisiana and The Military Department State of Louisiana or against each other.
“2.
“Additionally, some of the defendants, allegedly made part of this concursus proceeding have no claim against the plaintiffs, the State of Louisiana and The Military Department State of Louisiana nor will they ever assert a claim against the plaintiffs.
“3.
“Further the plaintiffs, the State of Louisiana and The Military Department State of Louisiana have attempted to implead all potential claimants against the defendant, Commercial Union Insurance Company, into this alleged concursus proceeding and have requested that all defendants assert against the defendant, Commercial Union Insurance Company, their claim arising out of certain purchase orders or subcontracts of which plaintiffs, the State of Louisiana and The Military Department State of Louisiana have no involvement.
“4.
“Also, the plaintiffs, the State of Louisiana and The Military Department State of Louisiana have improperly combined an alleged concursus proceeding in which all claimants are supposed to have competing or conflicting claims with an action personal between the State of Louisiana and The Military Department State of Louisiana and' Commercial Union Insurance Company for breach of a construction contract all in contravention of the procedure set forth in the applicable Louisiana Code of Civil Procedure Articles relative to concursus proceedings.”
Five of the other defendants filed peremptory exceptions based in part on some of the grounds alleged above and in part on the alleged failure of the plaintiffs to rec-' ord the payment bond in Ascension Parish.
In addition, Laconco and Commercial Union filed a rule to compel plaintiffs to furnish an itemized list of deficiencies in the job and a description of the remedial work necessary for the satisfactory completion of the job.
*503 After hearings were held on the exceptions and on the above rule, judgment was rendered ordering plaintiffs to furnish the itemized list and description requested; dismissing the concursus proceeding, with prejudice, as to plaintiffs; and ordering all claims arising out of the construction of the National Guard Armory to be consolidated in the 23rd Judicial District Court for determination. From that judgment, plaintiffs have appealed.
R.S. 38:2243 provides as follows:
“If at the expiration of the forty-five days any filed and recorded claims are unpaid, the governing authority shall file a petition in the proper court of the parish where the work was done, citing all claimants and the contractor, subcontractor, and surety on the bond and asserting whatever claims it has against any of them, and shall require the claimants to assert their claims. If the governing authority fails to file the proceeding any claimant may do so.
“All the claims shall be tried in concursus and the claims of the claimants shall be paid in preference to the claims of the governing authority.”
Plaintiffs have followed the dictates of the foregoing statute in bringing this proceeding. The exceptions filed by Lacon-co and Commercial Union seem to be an attempt to add to the requirements of the said statute the substantive requirements of the concursus articles of the Code of Civil Procedure. We do not believe that this was the intention of the legislature. We think it was intended for the State to use the concursus procedure as a vehicle for the simple resolution of all claims arising out of a public works contract. That is what it has done in this case.
There is no evidence in the record to show that the bond was or was not recorded as required by law. However, even if it were not so recorded, we can see no reason for denying to the State the procedure provided in R.S. 38:2243.
We therefore hold that the exceptions were improvidently maintained, and that the concursus proceeding should not have been dismissed.
Plaintiffs further complain about the decree ordering them to furnish the list of deficiencies to Laconco and Commercial Union. Since we do not have a transcript of the proceedings before the trial court, we do not know the factual basis for this ruling. There is, therefore, nothing for us to review.
The judgment appealed from is therefore reversed insofar as it dismisses the proceeding with prejudice as to plaintiffs, and there will be judgment overruling the various exceptions filed herein. In all other respects, the judgment is affirmed, and the case remanded to the trial court for further proceedings in accordance with law. Costs of this appeal shall be paid by Laconco and Commercial Union, with all other costs to await final disposition hereof on the merits.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.